UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBRA MICHELE GRAY,<br><br>     Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>     Defendant. | No. 12-cv-0213-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

  BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 18, 21.) Attorney Rebecca M. Coufal represents plaintiff; Special Assistant United States Attorney Jeffrey R. McClain represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## JURISDICTION

  Plaintiff Debra Michele Gray (plaintiff) protectively filed for supplemental security income (SSI) on September 21, 2009.[2] (Tr. 112, 260.) Plaintiff initially alleged an onset date of December 2, 2006 but later amended the alleged onset date to July 1, 2008. (Tr. 40, 58, 112.) Benefits were denied initially and on reconsideration. (Tr. 79, 85.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Caroline Siderius on October 20, 2010. (Tr. 34-68.) Plaintiff was represented by counsel and testified at the hearing.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

[2] Plaintiff notes "confusion of whether this is a straight SSI claim or a dual claim i.e. both for SSI and Social Security Disability Insurance Benefits." (ECF No. 19 at 1, n.1.) The ALJ concluded this matter involves only a Title XVI (SSI) claim and plaintiff does not object to this finding. (Tr. 12, 39.)

(Tr. 37-62.) Vocational expert Deborah Lapoint also testified. (Tr. 63-67.) The ALJ denied benefits (Tr. 12-21) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 42 years old at the time of the hearing. (Tr. 38.) She last worked constructing cardboard boxes. (Tr. 41.) She had carpal tunnel in her right wrist and had surgery. (Tr. 42.) Plaintiff alleges disability based on fibromyalgia, migraine headaches, gastroesophageal reflux disease (GERD), depression, high cholesterol, sleep problems, chronic pain and arthritis. (Tr. 40-41.) Plaintiff testified the main reason she cannot work is the physical limitations of not being to sit, stand, or walk very far for any length of time. (Tr. 50.) Fibromyalgia causes pain all over. (Tr. 43.) She has pain in her shoulders and upper back. (Tr. 44.) She takes medication for arthritis. (Tr. 45-46.) Her hands, knees and joints swell. (Tr. 46.) She has migraines which last all day at least once a week. (Tr. 47, 57.) She takes medication for depression. (Tr. 47.) She has good days and bad days. (Tr. 55.) On a bad day she can hardly move. (Tr. 55.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the

evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since July 1, 2008. (Tr. 14.) At step two, the ALJ found plaintiff has the following severe impairments: degenerative disc disease; migraines; obesity; fibromyalgia; tobacco dependence; and arthritis. (Tr. 14.) At step three, the ALJ found plaintiff

does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 16.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can sit, stand and/or walk up to six hours in a day with a sit/stand option every hour. The claimant should only occasionally climb stairs, climb ramps, stoop, crouch and/or crawl. She should avoid loud noises, vibrations, fumes, odors, gases, dust and unprotected heights. Moreover, the claimant should avoid climbing ladders, ropes, scaffolds and operating heavy machinery/equipment. Last, the claimant should only perform occasional overhead reaching.

(Tr. 16) (footnote omitted). At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr. 20.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act since July 1, 2008. (Tr. 20.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the ALJ erred by not finding depression is a severe impairment; (2) the RFC established by the ALJ is not compatible with work; (3) the ALJ erred in finding plaintiff can perform past relevant work. (ECF No. 19 at 7-13.) Defendant argues: (1) the ALJ properly determined plaintiff's depression was non-severe; (2) the ALJ properly evaluated plaintiff's residual functional capacity; (3) the vocational finding is consistent with the RFC finding; and (4) the ALJ's step four finding was proper. (ECF No. 22 at 4-10.)

## DISCUSSION

**1.    Step Two**

Plaintiff argues the ALJ erred in finding plaintiff's depression is not a severe impairment. A "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id.*

Plaintiff argues the ALJ should have found plaintiff's depression to be a severe impairment. (ECF No. 19 at 7-9.) The ALJ analyzed the evidence of the effect of plaintiff's depression on plaintiff's ability to perform basic mental work activities and concluded there is no more than a minimal impairment. (Tr. 15.) The ALJ assessed the four functional areas: daily living; social functioning; concentration, persistence and pace; and episodes of decompensation. (Tr. 15-16.) The ALJ found no significant evidence of limitations in any of the first three areas and no evidence of any episode of decompensation. (Tr. 15-16.) As a result, the ALJ found plaintiff's medically determinable mental impairment of depression causes no more than a mild limitation in any of the first three functional areas and, with no episode of decompensation of extended duration, plaintiff's depression is nonsevere.

Plaintiff points out she was taking medication for depression at the time of the hearing. (ECF no. 18 at 8, Tr. 605.) Plaintiff also points to evidence that she attended counseling. (ECF No. 19 at 8.) However, as the ALJ noted, plaintiff testified she has been on Cymbalta for at least six years with good results. (Tr. 15, 47.) The ALJ found this is consistent with the record which

suggests that plaintiff's depression is well-controlled with medication (e.g., Tr. 284, 288, 328, 322, 377, 558) and counseling often primarily involved discussion of situational stressors (e.g., Tr. 297, 302, 308, 359, 363, 372, 437, 525, 531). (Tr. 15.) Plaintiff points to no functional limitations established in the record arising from depression. None of plaintiff's treating or examining providers identified any work-related mental health limitation, nor did the psychologist who reviewed the record. (Tr. 476.) As a result, there is no evidence other than plaintiff's testimony indicating that plaintiff's depression has more than a minimal impact on her ability to work. Plaintiff was found to be not credible by the ALJ, plaintiff does not challenge that finding, and the court concludes the ALJ justified the finding with clear and convincing reasons supported by substantial evidence. (Tr. 19.) *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Therefore, the ALJ did not err in failing to find depression is a severe impairment.

Plaintiff also argues the ALJ should have called a medical expert or sent plaintiff for a consultative examination regarding the severity of her depression. (ECF No. 19 at 8.) In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); *see also* 20 C.F.R. 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998); *see also Tonapetyan*, 242 F.3d at 1150.

The record in this case was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). An ALJ has broad latitude in ordering a consultative examination. *Reed v. Massanari,* 270 F.3d 838, 842 (9th Cir. 2001). The government is not required to bear the expense of an examination for every claimant. *See* 20 C.F.R. § 404.1517. Plaintiff has not identified any ambiguity or inadequacy in

the record with respect to plaintiff's mental health requiring an additional consultative examination.

Further, the court does not agree with plaintiff that the ALJ substituted any speculation of her own lay opinion for the opinion of a medical doctor. (ECF No. 19 at 8.) A typical case of an ALJ impermissibly "playing doctor" is when the ALJ draws medical conclusions themselves about a claimant without relying on medical evidence. *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000). The ALJ reviewed the evidence for the limiting effect of plaintiff's depression and, finding virtually none, reasonably concluded depression is not severe impairment. The ALJ did not make any medical conclusions; rather, the ALJ made a proper step two analysis. Therefore, the ALJ did not err.

2. **RFC and Step Four**

   a. **8 Hour Work Day**

   Plaintiff argues the RFC finding is not compatible with sustained work. (ECF no. 19 at 9-11.) Residual functional capacity is what an individual can still do despite his or her limitations. S.S.R. 96-8p. The RFC finding is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *Id.* A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. *Id.* Plaintiff argues the ALJ's RFC finding indicates plaintiff can only work less than 8 hours a day. (ECF No. 19 at 10.) The RFC provides:

   > [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can sit, stand and/or walk up to six hours in a day with a sit/stand option every hour. The claimant should only occasionally climb stairs, climb ramps, stoop, crouch and/or crawl. She should avoid loud noises, vibrations, fumes, odors, gases, dust and unprotected heights. Moreover, the claimant should avoid climbing ladders, ropes, scaffolds and operating heavy machinery/equipment. Last, the claimant should only perform occasional overhead reaching.

(Tr. 16) (footnote omitted). Plaintiff argues the phrase indicating "claimant can sit, stand and/or walk up to six hours in a day with a sit/stand option every hour" means plaintiff can only sit, stand or walk a combined total of six hours per work day, therefore plaintiff has "less than the ability to meet the requirements of SSR 96-8p of sustained work-related physical and mental activities in a work setting on a regular and continuing basis." (ECF No. 19 at 10.) However, the plain reading of the phrase "and/or" indicates each functional area could be performed for up to 6

hours a day, not that the total of all combined functional areas could be up to 6 hours a day. This is consistent with the ALJ's footnote contained in the RFC which defines "light work" as the ability to sit up to 6 hours in an 8-hour work day and to stand and/or walk at least 6 hours in an 8-hour day.[3] (Tr. 16, n. 1.) This is also consistent with the ALJ's hypothetical to the vocational expert which stated, "They'd be able to sit up to six hours a day and stand and walk up to six hours a day." (Tr. 65.) There is no indication the ALJ intended to limit plaintiff to only 6 hours of work total per day and plaintiff's reading of the RFC strains linguistic interpretation. Furthermore, there is simply no evidence in the record upon which to base a finding that plaintiff is limited to working only 6 hours per day. Plaintiff fails to identify any physician opinion or other evidence indicating plaintiff is so limited. As a result, there is no evidence supporting plaintiff's interpretation of the RFC finding.

### b. Hypothetical

Plaintiff also argues the ALJ did not pose a hypothetical to the vocational expert "with an RFC equivalent to the RFC in the decision." (ECF No. 18 at 11.) Plaintiff is mistaken. The ALJ asked the vocational expert to consider:

> In this first hypothetical, this person would be capable of lifting 20 pounds occasionally and 10 pounds frequently. They'd be able to sit up to six hours a day and stand and walk up to six hours a day. They would need a sit/stand option approximately once an hour. They could occasionally climb stairs and ramps; no ladders, ropes, scaffolding; occasional stooping, crouching, and crawling. Avoid concentrated exposure to loud noises, vibration, fumes, odors, gases, and dust. They'd be unable to operate heavy machinery or equipment, and could not be exposed to unprotected heights.

(Tr. 64-65.) The vocational expert testified a hypothetical person with those limitations could perform plaintiff's past relevant work of check cashier and child monitor. (Tr. 65.) For the second hypothetical, the ALJ added to the first hypothetical a limitation on overhead reaching and the vocational expert testified that limitation would not exclude either of the previous jobs. (Tr. 65.) This is consistent with the limited light work RFC finding made by the ALJ. Plaintiff does not identify which portion of the hypothetical is allegedly inconsistent with the RFC finding. The court concludes the RFC and the hypothetical are consistent and the ALJ did not err.

---

[3] The ALJ slightly modified the ability to stand or walk normally required for light work by limiting standing or walking to "up to 6 hours" per work day rather than "at least 6 hours" per work day. (Tr. 16.)

    c.  **Sit/Stand Option**

Plaintiff also argues the "problem in the decision . . . is compounded" because of the sit/stand limitation. (ECF No. 19 at 10-11.) Plaintiff's argument is unclear, but suggests that an hourly sit/stand option exceeds the regular breaks allowed in a work environment and "what is required for possible employment under S.S.R. 83-12." (ECF no. 19 at 11.) As defendant points out, S.S.R. 83-12 applies to step five and the application of the Medical-Vocational guidelines when an RFC does not coincide with one of the work categories such as sedentary, light or medium. (S.S.R. 83-12, ECF No. 22 at 8.) The Ruling provides that in the case of a sit/stand limitation for determining other work, a vocational expert should be consulted to clarify the implication for the occupational base. S.S.R. 83-12 at *4. Notwithstanding, in this case the ALJ consulted a vocational expert who noted the effect of the sit-stand option in assessing plaintiff's past relevant work at step four. The vocational expert testified that plaintiff's past relevant work as a box maker and waitress would not allow the sit/stand option, but past relevant work as a child monitor as performed and check cashier would be consistent with the hypothetical. (Tr. 65.) Thus, the erosion of the vocational base due to a sit/stand option was taken into consideration by the vocational expert and the vocational expert's testimony is a proper foundation for the step four finding. There is no error.

    d.  **Past Relevant Work**

Lastly, plaintiff argues the ALJ erred in finding plaintiff could perform past relevant work as a child monitor. (ECF No. 19 at 12.) Past relevant work is work that was "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a). Substantial gainful activity is work activity that "involves doing significant physical or mental activities" on a full- or part-time basis, and "is the kind of work usually done for pay or profit." 20 C.F.R. §§ 404.1572, 416.972. Generally, if a claimant works for substantial earnings as described in the regulations, the work is found to be substantial gainful activity. 20 C.F.R. §§ 404.1574(a), 416.974(a). However, if average monthly earnings are less than the amount described in the regulations, it is presumed that a claimant has not engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(3); 404.974(b)(3). Plaintiff is correct that testimony established plaintiff works as a child monitor part-time (Tr. 37-38, 63-64, 66-67) and earnings appear to establish that position does not qualify as past relevant work.

(Tr. 117-121.) *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). Thus, plaintiff's work as a child monitor is not properly categorized as past relevant work and the ALJ erred.

However, the ALJ's error in finding plaintiff could perform past relevant work as a child monitor is harmless error. Harmless error only occurs if the error is inconsequential to the ultimate nondisability determination. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Errors that do not affect the ultimate result are harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). The vocational expert testified that in addition to the child monitor position, a person with the limitations contained in the hypothetical consistent with the RFC could perform plaintiff's past relevant work as a check cashier. (Tr. 65.) Thus, the despite the error, the ALJ properly concluded there is past relevant work which plaintiff can perform. Because the outcome is the same even if the child monitor position is eliminated as past relevant work, the error is harmless and the outcome does not change.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 21)** is **GRANTED.**
2. Plaintiff's Motion for Summary Judgment **(ECF No. 18)** is **DENIED**.
3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED October 4, 2013

    S/ JAMES P. HUTTON
    UNITED STATES MAGISTRATE JUDGE